IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BEVERLY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIOMET, INC. d/b/a ZIMMER BIOMET, )<br>ZIMMER BIOMET DISTRIBUTION LLC, )<br>ZIMMER BIOMET HOLDINGS, INC., )<br>BIOMET ORTHOPEDICS, LLC, BIOMET )<br>U.S. RECONSTRUCTION, LLC, and )<br>ENCORE MEDICAL, L.P., )<br>)<br>Defendants. ) | CIVIL ACTION NO.: 1:23-CV-172 |

**DEFENDANTS BIOMET, INC. d/b/a ZIMMER BIOMET; ZIMMER BIOMET DISTRIBUTION LLC; ZIMMER BIOMET HOLDINGS, INC.; BIOMET ORTHOPEDICS, LLC; AND BIOMET U.S. RECONSTRUCTION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COME NOW,** Defendants, Biomet, Inc. d/b/a Zimmer Biomet; Zimmer Biomet Distribution, LLC; Zimmer Biomet Holdings, Inc.; Biomet Orthopedics, LLC; and Biomet U.S. Reconstruction, LLC (hereinafter referred to collectively as "Biomet Defendants") by and through the undersigned counsel, responding to Plaintiff's Complaint, allege and say as follows:

**FIRST DEFENSE**
**(Response to Numbered Paragraphs)**

PARTIES

1. The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient knowledge or information.

2. The allegations contained in Paragraph 2 of the Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Complaint are admitted.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. As to the allegations contained in Paragraph 6 of the Complaint, it is admitted that Defendant Biomet Orthopedics LLC designs, manufactures, markets, and distributes orthopedic surgery products like bone cement to medical providers. It is further admitted that Defendant Biomet Orthopedics LLC provides product literature and related information regarding the safe and effective use of its products. It is denied that Defendant Biomet Orthopedics LLC offers any training or education directly to patients. Except as admitted, denied.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. As to the allegations contained in Paragraph 8 of the Complaint, it is admitted that on or about June 24, 2015, Defendant Encore Medical, L.P. (hereinafter "Defendant Encore") purchased Biomet Cobalt™ Bone Cement from Zimmer Holdings, Inc. Except as admitted, denied.

9. The allegations contained in Paragraph 9 of the Complaint are admitted upon information and belief.

10. As to the allegations contained in Paragraph 10 of the Complaint, Biomet admits generally that Biomet, Inc, and certain of its subsidiaries, design, manufacture, and sell joint replacement implants, including knee implants that are used by surgeons and that for cemented implants, surgeons elect which type of bone cement to use with those devices. Except as admitted, denied.

11. As to the allegations contained in Paragraph 11 of the Complaint, it is admitted that Biomet Cobalt™ Bone Cement was sold and/or consumed in the State of North Carolina between June 24, 2015, and November 8, 2018. Except as admitted, denied.

12. The allegations contained in Paragraph 12 of the Complaint are denied because the Biomet Defendants do not design, test, manufacture, assemble, inspect, produce, sell, distribute or, market Cobalt ™ Bone Cement after the product was sold to DJO on or about June 24, 2015.

13. As to the allegations contained in Paragraph 13 of the Complaint, it is admitted that all Biomet Defendants have received a copy of the Complaint and a Civil Summons. It is admitted, upon information and belief, that Defendant Encore has also received a copy of the Complaint and a Civil Summons. Except as admitted, denied.

14. The allegations contained in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, it is admitted that this matter is properly before the United States District Court for the Western Division of North Carolina. Except as admitted, denied.

15. The allegations contained in Paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, it is admitted that this matter is properly before the United States District Court for the Western Division of North Carolina. Except as admitted, denied.

16. The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, it is admitted that this matter is properly before the United States District Court for the Western Division of North Carolina. Except as admitted, denied.

17. The allegations contained in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, it is admitted that all Biomet Defendants have received a copy of the Complaint and a Civil Summons. It is

admitted, upon information and belief, that Defendant Encore has also received a copy of the Complaint and a Civil Summons. Except as admitted, denied.

## FACTUAL BACKGROUND

18. The responses contained in the preceding paragraphs are realleged and incorporated as if fully set forth herein.

19. The allegations contained in Paragraph 19 of the Complaint are admitted.

20. The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient knowledge or information.

21. The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Biomet Defendants have not reviewed Plaintiff's medical records documenting her 2018 knee replacement, and the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement.

22. The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Biomet Defendants lack sufficient knowledge or information about Plaintiff's medical treatment. The Biomet Defendants deny the allegations that Cobalt Bone Cement contained design and manufacturing flaws and deny all other allegations in Paragraph 22 of the Complaint.

23. As to the allegations contained in Paragraph 23 of the Complaint, it is admitted that Defendant Encore initiated a Class 2 packaging recall for certain lots of Cobalt HV Bone Cement with Gentamicin in 2017. It is denied that the link provided in paragraph 23 of the Complaint is relevant to said recall. Except as admitted, denied.

24. As to the allegations contained in Paragraph 24 of the Complaint, it is admitted that the subject recall was in writing and the document speaks for itself. To the extent that the allegations contained in Paragraph 24 of the Complaint are consistent with the language included in the written recall, admitted. Except as admitted, denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied for lack of sufficient knowledge or information.

26. The allegations contained in Paragraph 26 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Biomet Defendants have not reviewed Plaintiff's medical records documenting her 2018 knee replacement, and the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement.

27. The allegations contained in Paragraph 27 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Biomet Defendants have not reviewed Plaintiff's medical records documenting her 2018 knee replacement, and the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement.

28. The allegations contained in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, it is admitted that Biomet Cobalt™ Bone Cement can be used during knee replacement surgery. Except as admitted, denied.

29. The allegations contained in Paragraph 29 of the Complaint are denied for lack of sufficient knowledge or information.

30. The allegations contained in Paragraph 30 of the Complaint are denied for lack of sufficient knowledge or information.

31. The allegations contained in Paragraph 31 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm the allegations contained in Paragraph 31.

## FIRST CLAIM:
## NEGLIGENCE – MANUFACTURING AND DESIGN DEFECT

32. The responses contained in the preceding paragraphs are realleged and incorporated as if fully set forth herein.

33. The allegations contained in Paragraph 33 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement.

34. The allegations contained in Paragraph 34 of the Complaint, including all subparagraphs, are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement. The Biomet Defendants further allege that, in the event that Plaintiff proves that a product supplied by any or all of the Biomet Defendants was

used in her 2018 knee replacement, it is denied that the Biomet Defendants or any of their employees, agents, representatives or anyone purporting to act on their behalf contributed in any way to the damages alleged in Plaintiff's Complaint.

35. The allegations contained in Paragraph 35 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt ™ Bone Cement was used during Plaintiff's 2018 knee replacement. The Biomet Defendants further allege that, in the event that Plaintiff proves that a product supplied by any or all of the Biomet Defendants was used in her 2018 knee replacement, it is denied that the Biomet Defendants or any of their employees, agents, representatives or anyone purporting to act on their behalf contributed in any way to the damages alleged in Plaintiff's Complaint.

36. The allegations contained in Paragraph 36 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt ™ Bone Cement was used during Plaintiff's 2018 knee replacement. The Biomet Defendants further allege that, in the event that Plaintiff proves that a product supplied by any or all of the Biomet Defendants was used in her 2018 knee replacement, it is denied that the Biomet Defendants or any of their employees, agents, representatives or anyone purporting to act on their behalf contributed in any way to the damages alleged in Plaintiff's Complaint.

## SECOND CLAIM:
## BREACH OF IMPLIED WARRANTY

37. The responses contained in the preceding paragraphs are realleged and incorporated as if fully set forth herein.

38. The allegations contained in Paragraph 38 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement.

39. The allegations contained in Paragraph 39 of the Complaint are denied for lack of sufficient knowledge or information. The Biomet Defendants deny all alleged warranties unless a warranty specifically exists under applicable law. Specifically, the Biomet Defendants are without knowledge and information sufficient to admit or deny the allegations regarding Plaintiff's mental state. Moreover, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Plaintiff's surgeon purchased Biomet Cobalt™ Bone Cement to be used during Plaintiff's 2018 knee replacement. Except as admitted, denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt™ Bone Cement was used during Plaintiff's 2018 knee replacement. The Biomet Defendants further allege that, in the event that Plaintiff proves that a product supplied by any or all of the Biomet Defendants was used in her 2018 knee replacement, it is denied that the Biomet Defendants or any of their

126587751.1

Case 1:23-cv-00172-MR-WCM    Document 13    Filed 07/28/23    Page 8 of 16

employees, agents, representatives or anyone purporting to act on their behalf contributed in any way to the damages alleged in Plaintiff's Complaint.

41. The allegations contained in Paragraph 41 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt ™ Bone Cement was used during Plaintiff's 2018 knee replacement. The Biomet Defendants further allege that, in the event that Plaintiff proves that a product supplied by any or all of the Biomet Defendants was used in her 2018 knee replacement, it is denied that the Biomet Defendants or any of their employees, agents, representatives or anyone purporting to act on their behalf contributed in any way to the damages alleged in Plaintiff's Complaint.

42. The allegations contained in Paragraph 42 of the Complaint are denied for lack of sufficient knowledge or information. Specifically, the Complaint does not allege a specific lot number or other identifying information that would allow the Biomet Defendants to confirm whether Biomet Cobalt ™ Bone Cement was used during Plaintiff's 2018 knee replacement. The Biomet Defendants further allege that, in the event that Plaintiff proves that a product supplied by any or all of the Biomet Defendants was used in her 2018 knee replacement, it is denied that the Biomet Defendants or any of their employees, agents, representatives or anyone purporting to act on their behalf contributed in any way to the damages alleged in Plaintiff's Complaint.

43. EACH AND EVERY ALLEGATION AND PRAYER FOR RELIEF AND JUDGMENT NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against any of the Biomet Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims with sufficient particularity to permit the Biomet Defendants to raise all appropriate defenses, and therefore, the Biomet Defendants reserve the right to assert additional defenses when the Biomet Defendants learn all the facts and circumstances, whether submitted and/or tendered, and as discovery and investigation in this action continue.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries at the time and place and upon the occurrence mentioned in the Complaint, she assumed the risk of sustaining any alleged injuries under the conditions and circumstances then and there existing.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom the Biomet Defendants neither had nor exercised control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are subject to applicable statutory caps.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce her injuries, damages, and disabilities alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

While the Biomet Defendants deny Plaintiff's allegations of negligence, liability, breach of warranty, injury, and damages, if proven, they were the result of intervening and/or interceding

acts of superseding negligence, liability, statutory liability, and/or strict liability on the part of the parties over which the Biomet Defendants neither control nor have the right to control, and for which acts or omissions the Biomet Defendants are not legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

The Biomet Defendants' product design or alleged defect did not cause any injury to Plaintiff.

## NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by a preexisting or unrelated medical condition, disease, or illness.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff proves that Biomet Cobalt$^{TM}$ Bone Cement was used during her 2018 knee replacement, then the Biomet Defendants allege that Plaintiff was reasonably and adequately warned of any alleged risks associated with the use of Biomet Cobalt$^{TM}$ Bone Cement. Thus, if Plaintiff sustained any injuries at the time and place and upon the occurrence mentioned in the Complaint, she was contributorily negligent in causing her own injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claims by Plaintiff for breach of warranty are barred because there was a failure to comply with the terms and conditions of any claimed warranty, including, but not limited to failure to give proper notice, lack of duty, and compliance with any applicable provisions of the Uniform Commercial Code.

## TWELFTH AFFIRMATIVE DEFENSE

If Biomet Cobalt$^{TM}$ Bone Cement was used during Plaintiff's 2018 knee replacement, which is denied for lack of sufficient knowledge or information, Plaintiff and/or other persons used

126587751.1
Case 1:23-cv-00172-MR-WCM   Document 13   Filed 07/28/23   Page 11 of 16

Biomet Cobalt ™ Bone Cement in an unreasonable manner, not reasonably foreseeable to the Biomet Defendants, and for a purpose for which the product was not intended, manufactured, or designed; Plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and Plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to Plaintiff and/or such other parties/persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited because the product at issue reflected the current state of the art at the time it left the Biomet Defendants' control and complied with all industry, consensus, and regulatory standards.

## FOURTEENTH AFFIRMATIVE DEFENSE

If it is shown through discovery or at trial that the product at issue was manufactured, sold, or distributed more than 12 years prior to suit being filed or Plaintiff was aware or had knowledge of any alleged defect more than 3 years prior to suit being filed, the Biomet Defendants raise the statute of repose and/or the statute of limitations as a complete bar to Plaintiff's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Biomet Defendants owed any duty to Plaintiff, said duties were fully performed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages, if any, were not due to or caused by the fault, lack of care, negligence, strict liability, or any other breach of duty on the part of the Biomet Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Biomet Defendants state that if Plaintiff sustained any injuries or damages, and it is

determined that said injuries or damages were caused, in whole or in part, by the act, omission, or fault of other persons or entities for whom the Biomet Defendants are not responsible, and such act, omission, or fault does not act as a complete bar to Plaintiff's claims against the Biomet Defendants, then the Biomet Defendants are entitled to an apportionment of all such causal fault and a reduction of any award against it.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred because the Biomet Defendants complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, the State of North Carolina, and/or any agency of the United States or the State of North Carolina.

## NINETEENTH AFFIRMATIVE DEFENSE

The product at issue is a prescription medical product that is neither defective nor unreasonably dangerous. At all times material to this incident, the product was reasonably safe and fit for its intended use, and the warnings and instructions accompanying it at the time of the subject incident were legally appropriate and adequate. Moreover, the product was not defective, because it did not fail to perform in the manner reasonably to be expected in light of the product's nature and intended function.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if they were caused by the subject product, which the Biomet Defendants expressly deny, were caused by an inherent characteristic of the product that would not be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages, if any, may have been caused by an idiosyncratic reaction, without any fault or failure on the part of the Biomet Defendants or any defect attributable to the product at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The product at issue is neither defective nor unreasonably dangerous because it is a product which falls within the "comment k exception" to strict tort liability defined in Section 402A of the Restatement (Second) of Torts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Biomet Defendants state that, if any Biomet Defendant(s) manufactured the product that is the subject of this action, then that product possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Biomet Defendants are not proper parties in this lawsuit because Plaintiff alleges that she was implanted with Cobalt Bone Cement in 2018, which is a time period after Zimmer Biomet sold the Cobalt Bone Cement product to DJO in 2015 and the Biomet Defendants stopped manufacturing and selling Cobalt Bone Cement after this product sale.

## DEFENSES RESERVED

Subject to the Biomet Defendants' motion to dismiss in all respects, and to the extent necessary the Biomet Defendants hereby give notice that they intend to rely on any other

defenses that may become available or apparent during discovery proceedings in this manner and reserve their right to amend their answer and to assert such defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, the Biomet Defendants demand judgment against the Plaintiff as follows:

1. That Plaintiff's claims be dismissed as to the Biomet Defendants, and that Plaintiff have and recover nothing of the Biomet Defendants;

2. That the Biomet Defendants have and recover the costs of Court herein;

3. For such other and further relief as the Court may deem just and proper; and

4. For a trial by jury of all issues of fact so triable herein.

This 28th day of July 2023.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/ *Christopher J. Derrenbacher*
CHRISTOPHER DERRENBACHER
North Carolina Bar No: 25402
*Attorneys for Defendants*
3600 Glenwood Avenue, Suite 350
Raleigh, North Carolina 27612
Telephone: 919.821.4020
E-Mail: christopher.derrenbacher@lewisbrisbois.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel for the Biomet Defendants has this date filed the foregoing ***DEFENDANTS BIOMET, INC. d/b/a ZIMMER BIOMET; ZIMMER BIOMET DISTRIBUTION LLC; ZIMMER BIOMET HOLDINGS, INC.; BIOMET ORTHOPEDICS, LLC; AND BIOMET U.S. RECONSTRUCTION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court using the CM/ECF system and has served the following persons or parties addressed as follows:

Robert O. Jenkins
Laurie J. Meilleur
Lanier Law Group, P.A.
6518 Airport Center Drive
Greensboro, NC 27409

This 28th day of July 2023.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

BY: /s/ *Christopher J. Derrenbacher*
CHRISTOPHER DERRENBACHER
North Carolina Bar No: 25402